**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

ELECTRONICALLY
FILED
04/08/2026
U.S. DISTRICT COURT
Northern District of WV

**GREENBRIER GRAPHICS, LLC**
**a West Virginia limited liability company,**

      **Plaintiff,**

**v.**                                                                                   Civil Action No.:   5:26-CV-78 (Bailey)

**SAVAGE INNOVATIONS, LLC**
**an Ohio limited liability company,**

      **Defendant.**

## COMPLAINT

Greenbrier Graphics, LLC (hereinafter "Plaintiff"), by and through its counsel, Bowles Rice LLP, as and for its Complaint herein against Savage Innovations, LLC (hereinafter "Defendant"), states as follows:

### The Parties

1.      Plaintiff is a limited liability company duly organized and lawfully existing under the laws of the State of West Virginia, having its principal place of business at 6651 Lockbridge Road, Meadow Bridge, Fayette County, West Virginia 25976.

2.      Defendant is, upon information and belief, a limited liability company organized and lawfully existing under the laws of the State of Ohio, having its principal place of business at 50 Public Square, Apt. 934 Cleveland, Ohio 44113.

3.      Upon information and belief, Defendant has been for some time, and at the time of this Complaint now is, doing business in the State of West Virginia generally, and, more particularly, within some or all of the several counties of this Judicial District, by and through

1

Internet activity, and directs electronic activity into this State, including some or all of the several counties of this Judicial District, with the manifest intent to engage in business or other relations within this State, and said counties, thereby purposefully availing itself of the privilege of conducting business in the State of West Virginia and in said counties. Defendant's electronic activity has created in Plaintiff a cause of action cognizable in the Courts of this State as more fully set forth hereinbelow.

### *Nature of Action*

4.      This is an action for trademark infringement, false designation of origin, dilution, and unfair competition arising under the trademark laws of the United States, namely, the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §§ 1051, *et seq*.), and related causes of action under the statutes and common law of the State of West Virginia arising from Defendant's use of the words "Deed Plotter," "DeedPlotter," and variations thereof, in violation of Plaintiff's rights in its federally registered and common law Deed Plotter® family of trademarks.

### *Jurisdiction*

5.      This Court has jurisdiction over the subject matter of this Complaint according to the provisions of 15 U.S.C. § 1121(a) (actions arising under the Lanham Act), 28 U.S.C. § 1338(a) (acts of Congress relating to trademarks), and 28 U.S.C. § 1332(a) (diversity). Upon information and belief, the amount in controversy herein, exclusive of interest and costs, exceeds $75,000.

6.      The state law claims asserted herein are between the same parties and arise from and are based on the same operative facts as the substantial and related claims asserted under the

2

federal trademark laws. Accordingly, this Court has pendent jurisdiction over the state law claims according to the provisions of 28 U.S.C. § 1338(b).

### *Venue*

7.     Venue is proper in this Judicial District according to the provisions of 28 U.S.C. §§ 1391(b) and 1391(c).

### COUNT I.
### INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

8.     This Count, pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114), is for the Defendant's infringement of federally registered trademarks owned by the Plaintiff.

9.     Since 1987, Plaintiff has continuously been in the business of developing, marketing and selling in interstate commerce a proprietary real estate mapping and deed analyzing computer software program used to analyze, confirm and verify legal descriptions of real property for use by attorneys, genealogists, landmen, surveyors, banks, title companies, real estate professionals, government agencies, realtors, and others who require maps, land area, closure, and other detailed and accurate legal descriptions of real estate.

10.     Plaintiff's product was initially called Deed Plotter®, and it has been named, marketed and known as Deed Plotter®, or some variant thereof, continuously from 1987 to the present.

11.     Over the years, Plaintiff has improved, expanded and enhanced its Deed Plotter® product. Shortly after the product's launch and first sales in 1987, Plaintiff issued an enhanced update known as Deed Plotter + ®. Other early DOS-based versions of the program were known as Deed Plotter Series II™ and Deed Plotter + Series III™. Although these DOS-based versions

3

of Plaintiff's product are no longer available for sale, they are still in use and Plaintiff continues to provide technical support for the same as requested.

12.     In or about 1995, Plaintiff developed and began to market and sell a Microsoft Windows® -based version of its mapping and deed analyzing computer software program known as Deed Plotter + for Windows ™. The current version of the product is known as Net Deed Plotter®, being version 5 of the original computer software program, Deed Plotter®. The Deed Plotter® product line comprises Plaintiff's only products.

13.      Plaintiff sells its Net Deed Plotter® and Deed Plotter® family products in interstate commerce to customers throughout the United States. Sales are made through the Internet, by both U.S. Mail and telephone, and product deliveries are made by download *via* the Internet, the U. S. Postal Service and other means of delivery.

14.     Since 1987, Plaintiff has continuously used the words "Deed Plotter" in various forms and styles as and for its trademark identifying and representing it as the source of origin for its mapping and deed analyzing computer software program. Plaintiff's mapping and deed analyzing computer software product enjoys both national and international reputations, and the Deed Plotter® family of marks uniquely identifies Plaintiff as the authentic source of origin of its widely known and recognized product. The Deed Plotter® mark and its family of registered and common law marks have become associated in the minds of purchasers with Plaintiff as the exclusive source of origin of the highest quality mapping and deed analyzing computer software.

15.     Plaintiff is the owner of the following federal trademarks registered upon the Principal Register of the United States Patent and Trademark Office as United States Registrations No. 3,471,975 issued July 22, 2008 (NET DEED PLOTTER), and No. 3,543,289

4

issued December 9, 2008 (DEED PLOTTER). Copies of said registrations are attached hereto and made a part hereof as Exhibits A and B, respectively.

16.     All of Plaintiff's federal trademark registrations are valid, subsisting, and protectable, and remain in full force and effect as evidence of the validity thereof and Plaintiff's exclusive right to own and use the marks in connection with the goods specified in the registrations. The DEED PLOTTER® mark, U.S. Registration No. 3,543,289, and the Net Deed Plotter® mark, U.S. Registration No. 3,471,975, are incontestable pursuant to the provisions of 15 U.S.C. § 1065.

17.     Defendant, according to its website, DeedPlotter AI, as found at the Defendant's URL having a protocol and domain name of https://deedplotter.ai offers "AI Automated Metes and Bounds Plotting." See relevant portion of website image attached hereto and made a part hereof as Exhibit C. In its marketing of DeedPlotter AI, Defendant repeatedly uses Plaintiff's federally registered trademark "Deed Plotter," including offering an opportunity to schedule a demo or sign up for a free account following the phrase, "Want to See DeedPlotter in Action?" See relevant portion of website image attached hereto and made a part hereof as Exhibit D.

18.     Defendant markets and advertises its real estate deed drawing software "DeedPlotter AI," as a modern web-based cloud application which is used to create maps based on metes and bounds and legal descriptions of real estate. The program is designed for use by landmen, surveyors, local governments, and various legal and title professionals.

19.     Defendant is using "deedplotter.ai" as the domain name address for its website and identifies its website as Deed Plotter AI. Phrases, including, "The Ultimate Metes and Bounds Deed Plotter" are used in Google search engine descriptions in connection with

5

Defendant's website. Such identification and phrases are populated through Google and other on-line searches of "Deed Plotter", "DeedPlotter", and "DeedPlotter AI." The first three results of a Google search query using deed plotter ai are shown on an image attached hereto and made a part hereof as Exhibit E.

20. Defendant's website is commercial and fully interactive, offering product descriptions, customer and technical support, and email contact with company representatives. More specifically, Defendant's website describes, advertises, and offers customer "Pricing for Any Professional or Team" to gain access to (use of) the "DeedPlotter AI metes and bounds product. See image copy of Defendant's pricing schedule and purchasing options, as displayed on its web page, attached hereto and made a part hereof as Exhibit F.

21. Upon information and belief, Defendant markets, advertises, offers to sell use of and sells use of its "DeedPlotter AI" computer software mapping program within the State of West Virginia generally, and more particularly within some or all of the several counties located within this Judicial District, and throughout the United States by virtue of its Internet activity, and directs its electronic activity into this State and the several counties of this Judicial District with the manifest intent to do business in this State.

22. Defendant's use of the "deedplotter.ai" domain name, use of the words "DeedPlotter AI," generally, and the phrase, "The Ultimate Metes and Bounds Deed Plotter", are used in connection with the sale, offering for sale, distribution, advertising, and accessing its "DeedPlotter AI" computer software mapping program and are a colorable imitation of Plaintiff's federally registered trademarks. Defendant's use resembles Plaintiff's federally registered trademarks, and is likely to cause confusion or mistake or deception of purchasers as

6

to the source of origin of Defendant's product in that the public is likely to mistakenly believe that the Defendant's product is provided, sponsored, approved, licensed or in some other manner legitimately connected or affiliated with Plaintiff, all to Plaintiff's irreparable harm and Defendant's unlawful profit. Defendant's use of the words "Deed Plotter" and "DeedPlotter" in connection with its computer software mapping program constitutes an unauthorized, unlawful misappropriation and use of Plaintiff's valuable Deed Plotter® trademark and its family of registered and common law marks. Defendant's use of the words "Deed Plotter" and "DeedPlotter" in connection with its computer software mapping program commenced at a time subsequent to the commencement of Plaintiff's use of its Deed Plotter® family of registered and common law trademarks in 1987.

23.    Upon information and belief, Plaintiff's and Defendant's computer software mapping products are similar, move through similar channels of trade to similar classes of customers, and are in direct competition with each other.

24.    Defendant's use of the words "Deed Plotter", "DeedPlotter" and thereby the Deed Plotter® trademark in connection with its "DeedPlotter AI" product line is not merely likely to confuse, but has caused actual confusion and mistake and deception of purchasers as to the source of origin of its goods.

25.    Plaintiff has no control over the quality of the goods sold by the Defendant, and because of the confusion as to the source caused by the Defendant, the Plaintiff's valuable goodwill in respect to its aforesaid trademarks is subject to Defendant's conduct, all to Plaintiff's irreparable harm and Defendant's unlawful profit.

26.    The continuing use by Defendant of the words "Deed Plotter" and "DeedPlotter"

will result in the dilution of the exclusive rights which the Plaintiff formerly enjoyed in connection with its mapping and deed analyzing software product to the great detriment and damage of the Plaintiff, and the unlawful profit of the Defendant.

27.     Defendant's infringement, as alleged herein, has been willful and deliberate, designed specifically to trade upon the valuable goodwill associated with Plaintiff's valuable and protectable trademarks to Plaintiff's irreparable harm and Defendant's unlawful profit.

28.     The goodwill of the Plaintiff's business under its Deed Plotter® registered and common law family of trademarks is of substantial value, having been generated through Plaintiff's substantial efforts and investment, and the Plaintiff will suffer irreparable harm should Defendant's infringement be allowed to continue to the detriment of its trade reputation and goodwill and Plaintiff's loss of investment in the same.

## COUNT II.
## COMMON LAW TRADEMARK INFRINGEMENT

29.     Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs 1-28, except paragraph no. 8, as if fully set forth verbatim herein.

30.     This Count is for infringement of Plaintiff's common law trademarks under the laws of the State of West Virginia and throughout the United States.

31.     In addition to the federal registrations owned by Plaintiff as set forth in paragraph 15 hereof, Plaintiff owns and uses the Deed Plotter® trademarks in various forms and styles in connection with its mapping and deed analyzing computer software program which trademarks have not, as yet, been registered in the United States Patent and Trademark Office.

32.    Plaintiff owns and enjoys common law rights in the State of West Virginia and throughout the United States in and to unregistered variants of the trademark Deed Plotter® for the mapping and deed analyzing computer software program set forth hereinabove which are superior to any rights which Defendant may claim in and to said trademark in any form or style with respect to its similar product.

33.    Defendant's use of the word DeedPlotter and the words "Deed Plotter" and thereby the Deed Plotter® trademark in connection with the manufacture and sale of Defendant's "DeedPlotter AI" product line in the State of West Virginia, and elsewhere throughout the United States, is likely to cause and has caused actual confusion as to the source of Defendant's computer software mapping product in that purchasers thereof will be likely to associate or have associated such products with and as originating with the Plaintiff, all to the detriment of the Plaintiff, and the unlawful profit of the Defendant.

**COUNT III.**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**UNDER § 43(15 U.S.C. §1125) OF THE LANHAM ACT**

34.    Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs 1-33, except paragraphs no. 8 and 30, hereinabove as if fully set forth verbatim herein.

35.    This Count is for false designation of origin and unfair competition pursuant to Section 43 of The Lanham Act, 15 U.S.C. § 1125.

36.    Defendant's use of the words "Deed Plotter" and "DeedPlotter" and thereby Plaintiff's Deed Plotter® trademark as set forth herein constitutes a false designation of origin as to the software product sold by Defendant and is a false and misleading representation in violation of Section 43 of The Lanham Act, 15 U.S.C. § 1125.

9

37.     Defendant's false and misleading designation of origin of its product is likely to deceive customers and prospective customers into mistakenly believing that Defendant's "DeedPlotter AI" product is that of the Plaintiff, and, as a consequence, is likely to divert customers away from the Plaintiff, causing Plaintiff to lose sales of its product, and the benefits of promotional efforts and expenditures, all to the irreparable harm of Plaintiff, and the unlawful profit of Defendant.

38.     Plaintiff has no control over the nature and quality of Defendant's product. Any failure, neglect or default by Defendant in providing such products will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for accurate, reliable, easy-to-use mapping and deed analyzing computer software program resulting in loss of sales thereof and the considerable expenditures to promote its products under the mark, all to the irreparable harm of the Plaintiff, and unlawful profit to the Defendant.

## COUNT IV.
## DILUTION OF MARK AND INJURY TO BUSINESS REPUTATION

39.     Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs 1-38 hereinabove, except paragraphs no. 8, 30, and 35, as if fully set forth verbatim herein.

40.      This Count is for dilution of the distinctive quality of a mark and injury to business reputation pursuant to West Virginia Code § 47-2-13 and 15 U.S.C. § 1125.

41.     Through Defendant's use and advertisement of the words "Deed Plotter" and "DeedPlotter" and thereby Plaintiff's Deed Plotter® trademark on and in connection with its "Metes and Bounds" computer software mapping product set forth hereinabove, there exists a

likelihood of injury to Plaintiff's business reputation and a likelihood of dilution of the distinctive quality of Plaintiff's famous Deed Plotter® family of registered and common law trademarks in violation of West Virginia Code § 47-2-13 and 15 U.S.C. § 1125.

## COUNT V.
## UNFAIR COMPETITION

42.    Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs 1-41 hereinabove, except paragraphs no. 8, 30, 35 and 40, as if fully set forth verbatim herein.

43.    This Count arises under the West Virginia common law of unfair competition.

44.    Defendant's activities as set forth hereinabove constitute unfair competition, deceptive advertising and unfair trade practices, in violation of the West Virginia common law of unfair competition causing Plaintiff damages and loss of profits.

## COUNT VI.
## INJUNCTIVE RELIEF

45.    Plaintiff repeats and incorporates herein the allegations set forth in Paragraphs 1-44 hereinabove, except paragraphs no. 8, 30, 35, 40 and 43, as if fully set forth verbatim herein.

46.    This Count is for injunctive relief pursuant to Section 34 of The Lanham Act, 15 U.S.C. § 1116, and West Virginia Code § 47-2-13.

47.    Defendant's violation of Plaintiff's rights in and to its federally registered trademarks and other unlawful conduct as more fully set forth hereinabove in Counts I through V has caused, is now causing, and will in the future cause irreparable harm to Plaintiff unless enjoined by this Court. Plaintiff has a reasonable likelihood of success on the merits in this action, and the balance of equity weighs in favor of the award of equitable relief to the Plaintiff.

As to future infringement and other violations by Defendant, the Plaintiff has no adequate remedy at law, and seeks redress of its rights by injunction according to the principles of equity and upon such terms as the Court may deem reasonable.

**WHEREFORE**, Plaintiff prays:

1. That a preliminary and permanent injunction issue restraining and enjoining Defendant, its agents, servants, employees, successors and assigns, and all others acting in concert and privity with them, from directly or

   a. indirectly: infringing upon Plaintiff's common law trademarks, infringing upon Plaintiff's U.S. Trademark Registration Nos. 3,471,975, and 3,543,289, causing dilution of Plaintiff's trademark rights, falsely designating the origin of its product, injuring Plaintiff's business reputation, and unfairly competing with Plaintiff;

   b. using, transferring, selling, or permitting others use of the URL that has the domain name "deedplotter.ai" or any other domain name that infringes on the Plaintiff trademarks.

   c. using the word "DeedPlotter" or mark "Deed Plotter" or any other similar confusing words in connection with the advertising, promotion, marketing, or sale of its real estate mapping software program or other similar products;

   d. holding itself out as the owner or authorized user of the Deed Plotter® trademark or its variants in connection with mapping and deed analyzing software or other similar products;

   e. performing any actions or using any words, names, symbols or other marks likely

to cause confusion, to cause mistake or to deceive, or to otherwise mislead the public  into mistakenly believing that  Plaintiff and Defendant are one and the same or in some way connected, or that Plaintiff is a sponsor of Defendant, or that Defendant is in some manner associated with or under the supervision or control of Plaintiff, or that the Defendant's computer software mapping program originates with Plaintiff or is offered with the approval, consent or authorization of Plaintiff, or are likely in any way or manner to lead the trade or public to associate Defendant with Plaintiff;

f.  using any words, names, symbols or marks which create a likelihood of injury to Plaintiff's business reputation, or likely dilution of Plaintiff's Deed Plotter® trademark or its variants and the goodwill associated therewith; and

g.  using any trade practices whatsoever including, but not limited to, those complained of herein which tend to unfairly compete with or injure Plaintiff's business or the goodwill thereunto related.

2.    That Defendant be ordered to immediately remove, and direct others to remove as necessary, the infringing words "Deed Plotter", DeedPlotter, and DeedPlotter AI from all of its websites, from its title tag and all other metatags, including removal from all search engines and related sites, all product packaging, instruction manuals, labels, catalogues, flyers, pamphlets, administrative systems, marketing, promotional and advertising materials, including all Internet uses (including, among others, websites, Facebook, and similar applications),  bearing or displaying the infringing matter, and generally cease all use however described of all materials constituting infringement of Plaintiff's  common law trademarks and U.S. Trademark

Registration Nos. 3,471,975, and 3,543,289, and that all existing materials bearing such infringing matter be immediately delivered up for destruction;

3.     That Defendant be required to account for and pay over to Plaintiff all profits derived by Defendant from its infringing and other activities complained of herein, together with interest and costs;

4.     That Defendant be required to pay Plaintiff compensatory damages for the injuries sustained by reason of the acts complained of herein and that such damages be trebled because of the willfulness of said acts in disregard of Plaintiff's known rights;

5.     That Plaintiff may have such statutory damages as may be appropriately available to it under the circumstances;

6.     That Defendant be compelled to pay Plaintiff's attorney's fees, together with all costs of this suit; and

7.     For such other and further relief as may be just and equitable.

**GREENBRIER GRAPHICS, LLC,**
**a West Virginia limited liability**
**company,**

By Counsel,

*/s/ Charles C. Wise III*
Charles C. Wise III [WVSB No. 4616]
Bowles Rice LLP
125 Granville Square, Suite 400
Morgantown, West Virginia 26501
Phone: (304)285-2500
Fax: (304)285-2575
cwise@bowlesrice.com